UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BILLY GENE CROW, | ) | 1:08-CV-00518 OWW WMW HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING RESPONDENT'S |
| | ) | MOTION FOR STAY OF PROCEEDINGS |
| v. | ) | [Doc. #10] |
| | ) | |
| JOHN D. HARTLEY, Warden, | ) | ORDER DIRECTING RESPONDENT TO |
| | ) | RESPOND TO PETITION |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is represented in this action by Marc E. Grossman, Esq.

On April 16, 2008, the Court received the instant petition for writ of habeas corpus. After conducting a preliminary review of the petition, on June 6, 2008, the Court issued an order directing Respondent to file a response to the petition. On August 28, 2008, Respondent filed a motion for stay of the proceedings pending the Ninth Circuit's en banc review in Hayward v. Marshall, 512 F.3d 536 (9th Cir.2008), *reh'g en banc granted*, ___ F.3d ___, 2008 WL 2131400, No. 06-55392 (9th Cir. May 16, 2008).

**DISCUSSION**

As Respondent notes, the Ninth Circuit has acknowledged that this Court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva

1  v. Certified Grocers of California Ltd., 593 F.2d 857, 863 (9th Cir.1979). However, the Ninth Circuit
2  has also determined that "once a federal circuit court issues a decision, the district courts within that
3  circuit are bound to follow it and have no authority to await a ruling by the Supreme Court before
4  applying the circuit court's decision as binding authority." Yong v. Immigration and Naturalization
5  Service, 208 F.3d 1116, 1119 n. 2 (9th Cir.2000). In addition, "habeas proceedings implicate special
6  considerations that place unique limits on a district court's authority to stay a case in the interests of
7  judicial economy." Yong, 208 F.3d at 1120.  "Special solicitude is required because the writ is
8  intended to be a 'swift and imperative remedy in all cases of illegal restraint or confinement.'" Id.,
9  *quoting* Fay v. Noia, 372 U.S. 391, 400 (1963). In Yong, the Ninth Circuit addressed an analogous
10 situation where the district court issued a stay pending a decision from the Supreme Court. The Ninth
11 Circuit found that although considerations of judicial economy are appropriate, they cannot justify an
12 indefinite and potentially lengthy stay of a habeas proceeding. Id. at 1120-21. Consequently, the
13 Ninth Circuit ruled the district court abused its discretion in granting a stay.

14       In this case Respondent asks the Court to stay the proceedings pending a decision in
15 Hayward. Like Yong, such a stay would be lengthy. As well, this is a habeas proceeding and
16 therefore implicates special considerations that limit the Court's authority to issue a stay. But more
17 importantly, as Petitioner points out, there is ample binding precedent from the Ninth Circuit other
18 than Hayward which bear on the issues in the petition. See Superintendent v. Hill, 472 U.S. 445, 457
19 (1985); Biggs v. Terhune, 334 F.3d 910, 914 (9th Cir.2003); Sass v. California Board of Prison
20 Terms, 461 F.3d 1123, 1127-28 (9th Cir.2006); Irons v. Carey, 505 F.3d 846, 851 (9th Cir.2007).
21 Pursuant to Yong, this Court has no authority to await a further ruling from the Ninth Circuit before
22 applying these binding precedents. 208 F.3d at 1119 n. 2.
23 ///
24 ///
25 ///
26 ///
27 ///
28                                        **ORDER**

1   Accordingly, IT IS HEREBY ORDERED:

2   1) Respondent's motion for stay is DENIED;

3   2) Respondent shall respond to this petition as set forth in the court's order of June 6, 2008,

4   with all dates being calculated from the date of service of the present order.

6   IT IS SO ORDERED.

7   **Dated:    January 12, 2009**                                **/s/  William M. Wunderlich**
                                                                   UNITED STATES MAGISTRATE JUDGE